**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Rosemary A. Gilroy

    v.                                      Civil No. 07-cv-300-JL

James Kasper, et al.[1]

**O R D E R**

Before the Court is the complaint (document no. 1) of Rosemary Gilroy, proceeding pro se and in forma pauperis. Gilroy is seeking relief under the diversity jurisdiction of this Court, alleging that the defendants, a Massachusetts mortgage company and broker and their attorneys, violated New Hampshire's Consumer Protection Act, N.H. Rev. Stat. Ann. ("RSA") 358-A (2006) ("CPA") by engaging in unfair, deceptive, and predatory lending practices, as well as fraud. Gilroy further alleges that the defendants committed additional violations of state tort law. Because Gilroy is proceeding pro se and in forma pauperis, the

---

[1] Gilroy names Kasper and the Ponemah Trust as defendants to this action. I find, however, that a fair reading of Gilroy's complaint indicates that she also intended to sue the named defendants' attorneys, Alan Segal and Kurt McHugh. Accordingly, I find that all four of these individuals are to be considered properly named defendants to this action for all purposes.

matter is before me for preliminary review to determine, among other things, whether or not she has stated any claim upon which relief might be granted.  See United States District Court of the District of New Hampshire Local Rule 4.3(d)(1)(B).

For the reasons fully explained in my Report and Recommendation, issued simultaneously with this Order, I find that Gilroy has stated claims upon which relief might be granted for violations of the CPA, fraud, and intentional infliction of emotional distress.  In my Report and Recommendation, I recommend dismissal of the harassment and discrimination claims.

As I find that plaintiff has stated claims upon which relief may be granted, and without further comment on the merits of the claims, I order the complaint (document no. 1) be served on defendants James Kasper, The Ponemah Trust, Alan Segal and Kurt McHugh.  My review of the file indicates that plaintiff has filed summons forms for Kasper and The Ponemah Trust, but has not filed summons forms for defendants Segal and McHugh.

I hereby direct the Clerk's Office to provide summons forms for defendants Segal and McHugh to Gilroy.  Gilroy must return the completed summons forms to the Clerk's office within thirty days of the date of this Order.  Upon receipt of the completed

summons forms, and immediately for the completed summons forms already in the Court's file, the Clerk's office is directed to issue the summons forms and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summonses, copies of the complaint (document no. 1), the Report and Recommendation, and this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the defendants.  See Fed. R. Civ. P. 4(c)(2).

The defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date:     February 4, 2008

cc:       Rosemary A. Gilroy, pro se